UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LINDA M. PARADY,<br><br>                        Plaintiff,<br><br>- vs -<br><br>M&T BANK,<br><br>                        Defendant. | **DEFENDANT'S ANSWER WITH<br>AFFIRMATIVE DEFENSES**<br><br>Case No. 25-cv-6173 (FPG) |

Defendant M&T Bank ("M&T" or "Defendant"), by and through its attorneys of record, Nixon Peabody LLP, hereby answers the allegations contained in the Complaint filed April 1, 2025 by plaintiff Linda M. Parady ("Plaintiff") as follows:

1.      Plaintiff's address and contact information are: Linda M. Parady, 1 South Clinton Avenue, Apartment 1701, Rochester, Monroe County, New York 14606, telephone number (860) 485-3970, email address lindaparady@gmail.com.

**Response: Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph and therefore denies the allegations.[1]**

2.      Plaintiff alleges that Defendant's address and contact information are: M&T Bank, One M&T Plaza, Legal Department, Buffalo, Erie County, New York 14203-1420, telephone number (585) 645-7077, email address dford2@mtb.com.

**Response: Defendant denies the allegations in this paragraph, except admits that it maintains a business address at One M&T Plaza, Buffalo, New York 14203.**

3.      The basis for federal court jurisdiction is "Federal question." This action is brought for discrimination in employment pursuant to the Americans with Disabilities Act of

---

[1] Defendant has separated Plaintiff's allegations into individual paragraphs for purposes of providing its responses.

1990, as codified, 42 U.S.C. §§ 12112-12117 (amended by the Civil Rights Act of 1991, Pub.L.No. 102-166). Jurisdiction is specifically conferred upon this United States District Court by the aforementioned statutes, as well as 28 U.S.C. §§ 1331, 1343. Jurisdiction may also be appropriate under 42 U.S.C. §§ 1981, 1983, and 1985(3), as amended by the Civil Rights Act of 1991, Pub.L.No. 102-166, and any related claims under New York law.

**Response: The allegations in this paragraph contain legal conclusions to which no response is required. To the extent that a response is required, Defendant admits this paragraph contains Plaintiff's characterization of the basis for the Court's jurisdiction over this action and that Plaintiff purports to assert federal question jurisdiction, but denies that any such statutes were violated.**

4. Plaintiff is a citizen of the State of New York.

**Response: Defendant denies knowledge or information sufficient to form a belief as to Plaintiff's citizenship and denies that subject matter jurisdiction exists based on diversity of citizenship.**

5. Defendant is incorporated under the laws of the State of New York, and has its principal place of business in the State of New York.

**Response: Defendant admits that it is incorporated and has its principal place of business in the State of New York, but denies that subject matter jurisdiction exists based on diversity of citizenship.**

6. Due to Defendant's discrimination against Plaintiff for her disability Plaintiff suffered months of adverse workplace consequences, retaliation and harassment.

**Response: Denied.**

7. Ultimately Plaintiff was terminated from her job by Defendant.

**Response**: **Admitted.**

8.     Plaintiff is seeking monetary damages for loss wages, front pay for future wages, insurance premiums, and other damages that exceed $75,000.

**Response: The allegations in this paragraph do not contain facts for which an answer is required. To the extent an answer may be deemed required, Defendant denies that Plaintiff is entitled to any of the relief requested.**

9.     I was hired by the above-named Defendant as an Administrative Vice President on March 19, 2018 and relocated to Rochester, NY for this position.

**Response: Defendant denies the allegations in this paragraph, except states that Defendant hired Plaintiff on March 19, 2018 and her Corporate Officer Title at the time of her hire was Vice President.**

10.     My most recent position title was Senior Vice President and my direct supervisor was Scott Weissmann, Group Manager Executive Vice President.

**Response: Defendant denies the allegations in this paragraph, except states that at the time of her separation of employment with Defendant, Plaintiff's Corporate Officer Title was Senior Vice President, her business Title was CEF Transaction Manager, and she reported to Scott Weissmann, Line of Business Manager, Executive Vice President.**

11.     In May 2023 I used medical leave as a form of reasonable accommodation for a medical disability due to a breast cancer diagnosis, which required me to take short term disability for recuperation from mastectomy and breast reconstruction surgeries, which Defendant was given prior written notice of and was approved.

**Response: The allegations in this paragraph contain legal conclusions to which no answer is required.  To the extent an answer is required, and with respect to the factual**

3

**allegations in this paragraph, Defendant denies knowledge or information sufficient to form a belief as to the allegations concerning Plaintiff's breast cancer diagnosis or recommended treatment or leave, and denies the remaining allegations in this paragraph, except states that Plaintiff was on an approved medical leave from May 26, 2023 through August 1, 2023.**

12. I returned to full time employment on August 2, 2023, resumed all of my duties and responsibilities, and led the Defendant's CEF Documentation Department that I managed to close out the year of 2023 with a record amount of volume produced, which resulted in surpassing the group's annual target budget by 3%.

**Response: Defendant denies the allegations in this paragraph, excepts states that Plaintiff returned to employment on August 2, 2023.**

13. During my 6+ year tenure I have consistently led the CEF Documentation Department in accordance with the Defendant's values and leadership competencies and my year-end performance ratings were always "Satisfactory" or above.

**Response: Denied.**

14. However, since my return from short-term disability unfair and unwarranted comments were made to my permanent personnel file, my 2023 annual performance rating was downgraded to "Achieving-Progressing", which negatively impacted my 2023 overall compensation.

**Response: Defendant denies the allegations in this paragraph, except states that Plaintiff was rated "Achieving (Progressing)" in her 2023 Year-End Performance Check-In.**

4

15. I was discriminated, retaliated against and experienced adverse workplace consequences for taking medical leave to recuperate from my surgeries by my boss, Scott Weissman.

**Response**: **Denied.**

16. In addition, I was subjected to unwarranted disciplinary actions by Scott Weissmann, who implemented an Action Plan against me on January 11, 2024.

**Response: Defendant denies the allegations in this paragraph, except states that Scott Weissmann placed Plaintiff on an Action Plan for Success in January 2024.**

17. He continued this harassment during our one-on-one weekly performance conference calls and wrote unsubstantiated statements in my permanent personnel file.

**Response: Denied.**

18. On March 17, 2024 I filed a formal complaint with the EEOC for a charge of discrimination and on March 18, 2024 I notified Defendant's Human Resources Dept. (Lynn Bommle and Tara Berlingo Human Resources Representatives), Defendant's Employee Relations Department (Tom Hurtwitz, Executive Vice President) and my boss, (Scott Weissman, Executive Vice President) of these retaliatory and harassing discriminatory actions.

**Response: The allegations in this paragraph contain legal conclusions for which no answer is required. To the extent an answer is required, and with respect to the factual allegations in this paragraph, Defendant denies the allegations in this paragraph, except states that Plaintiff filed a complaint with Human Resources on March 18, 2024, alleging that she was experiencing adverse work consequences for taking medical leave.**

19. On April 25 and 26th 2024, I took 1-1/2 days PTO time, which was preapproved by Scott Weissmann.

<u>Response</u>:  Admitted.

20. On April 29, 2024 I called Scott Weissmann to inform him that during this time I had a surgical procedure to remove a lump in my neck, which required an unexpected two-night hospitalization stay.

<u>Response</u>: **Denied.**

21. In order to return to work, I was required to obtain medical authorization from my doctor later that day and I advised Scott Weissmann that the pathologist's report on the mass that was removed from my neck would take 5-7 days to be completed.

<u>Response</u>: **Denied.**

22. I was authorized to return to work on Tuesday, April 30, 2024.

<u>Response</u>: **Defendant lacks knowledge or information sufficient to form a belief as to the allegation that Plaintiff was "authorized to return to work" and therefore denies the allegations, except states that Plaintiff returned to work on April 30, 2024.**

23. One week later I was terminated from my job on Monday, May 6, 2024, by Scott Weissmann and Tom Hurwitz.

<u>Response</u>: **Admitted.**

24. This adverse employment action has damaged my career and has been detrimental to my earning potential.

<u>Response</u>: **Denied.**

25. (EEOC Complaint No. 525-2024-01190, EEOC Notice to Sue Letter dated January 6, 2025 attached).

<u>Response</u>: **The allegations in this paragraph contain no allegations of fact to which an answer is required.  To the extent an answer is required, Defendant admits that Plaintiff**

6

**attached the Determination and Notice of Rights from the U.S. Equal Employment Opportunity Commission and her Charge of Discrimination to her Complaint.**

    26.    Plaintiff is seeking monetary damages and other relief as follows:

        a.  Lost wages, front pay for loss of future earnings, and other compensation, including but not limited to, potential bonuses, 401K match, lost benefits, which Plaintiff had to pay out-of-pocket for from 6/1/24-12/31/24 (medical, dental, vision insurances).

        b.  Emotional distress, mental anguish pain and suffering: All of which Plaintiff suffered after she returned from short-term disability on 8/2/2023 through 5/6/2024.

        c.  Loss of professional reputation: The negative comments in her permanent personnel file, as well as termination from her job prohibited Plaintiff from posting for another position within M&T Bank and negatively affected her life, livelihood, earning potential and reputation that she spent years of her career developing in a specialized industry.

        d.  Any additional compensatory damages or punitive damages that Plaintiff may be entitled to.

**<u>Response</u>: Defendant denies that Plaintiff is entitled to any of the relief requested.**

## **<u>GENERAL DENIAL</u>**

Defendant denies each and every allegation of fact, conclusion of law, or other matter set forth in the Complaint that has not been expressly admitted herein.

### **AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

### **AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

This Court lacks subject matter jurisdiction based on diversity of citizenship.

### **AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

Some or all of Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations, or by the limitations set forth by the EEOC and/or the New York State Division of Human Rights.

### **AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

Any acts or omissions on the part of Defendant were in good faith in conformity with and in reliance on written administrative regulations, orders, rulings, approval or interpretation of administrative practices or enforcement policies, and Defendant had reasonable grounds for believing that its acts or omissions were not in violation of the Americans with Disabilities Act.

### **AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's entitlement to any damages is limited and/or precluded to the extent that Plaintiff has failed to mitigate her damages or otherwise failed to suffer any economic loss.

### **AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

Any damages Plaintiff purports to have incurred resulted from Plaintiff's own conduct or by the acts or omissions of third parties.

### **AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

The alleged acts complained of herein, if they occurred, occurred without the knowledge or condonation of Defendant.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by her failure to satisfy the statutory prerequisites to the filing of a lawsuit under the Americans with Disabilities Act.

### AS AND FOR AN NINTH AFFIRMATIVE DEFENSE

Without assuming any burden of proof unless required by law, Defendant states that all actions taken by it with respect to Plaintiff's employment were made in good faith and for legitimate and non-retaliatory reasons unrelated to Plaintiff's alleged activity in which she may have engaged, or any other unlawful factor.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of accord, satisfaction, estoppel, and/or waiver.

### AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claim must be dismissed because Defendant would have made the same employment decisions regardless of Plaintiff's alleged protected activity or status.

### AS AND FOR AN TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's retaliation claim fails to state a claim upon which relief can be granted because she never engaged in protected activity within the meaning of the applicable statutes.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to recover compensatory or punitive damages or front pay.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for liability and/or damages are barred and/or limited by after-acquired evidence.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

Defendant acted at all times in good faith and consistently maintained, implemented, and enforced policies in the workplace against retaliation and otherwise exercised reasonable care to prevent and correct promptly any alleged retaliation to which Plaintiff claims she was allegedly subjected.  Plaintiff unreasonably failed to take advantage of preventative and corrective opportunities provided by Defendant or to avoid harm otherwise.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

Defendant at all times acted in good faith and had reasonable grounds for believing that its conduct was not in violation of the ADA.

### AS AND FOR A EIGHTEENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff alleges that she requested an accommodation of an alleged disability, such request would have created an undue hardship on Defendant.

### RESERVATION OF RIGHTS

Defendant reserves the right to assert such additional affirmative or other defenses that may appear and prove applicable during the course of this action.

**WHEREFORE**, Defendant requests judgment dismissing the Complaint with prejudice, together with costs and disbursements of this action, including attorneys' fees, and such other and further relief as the Court may deem just and proper.

Dated: April 24, 2025

                                          **NIXON PEABODY LLP**

                                          By:   *s/ Michael J. Lingle*
                                                    Michael J. Lingle
                                                      Sarah N. Clancy

                                          1300 Clinton Square
                                          Rochester, New York 14604
                                          Telephone: (585) 263-1000
                                          mlingle@nixonpeabody.com
                                          snclancy@nixonpeabody.com

                                          *Attorneys for Defendant M&T Bank*