UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

LINDA M. PARADY,

                Plaintiff,

     v.

M&T BANK,

                Defendant.

**SCHEDULING ORDER**

25-CV-6173 FPG CDH

---

Pursuant to the order of the Hon. Frank P. Geraci Jr. referring this case to the undersigned for pretrial procedures and the entry of a scheduling order as provided in Fed. R. Civ. P. Rule 16(b) and Local Rule 16, and a conference having been held with counsel on May 28, 2025, it is ORDERED that:

1.     This case has been referred automatically to the Court's Alternative Dispute Resolution ("ADR") program.  The ADR Plan and related forms and information are available at www.nywd.uscourts.gov and the Court Clerk's Office.

        (a)        No later than **June 16, 2025**, the parties shall confer and select a mediator, confirm the mediator's availability, ensure that the mediator does not have a conflict with any of the parties in the case, identify a date and time for the initial mediation session, and file a stipulation confirming their selection on the form provided by the Court.  If the

parties fail to so stipulate, the Court shall appoint an ADR neutral.

(b)    Any motions to opt out of the ADR process shall be filed by no later than **June 6, 2025.**

(c)    The initial mediation session shall be held no later than **August 29, 2025.**

(d)    The referral to mediation shall terminate on **September 30, 2025.** In the event that settlement is not reached, the case will progress toward trial, as scheduled below.

(e)    Unless otherwise ordered by the Court, the referral of this case to mediation will not delay or defer other dates contained in this Scheduling Order and has no effect on the progress of the case toward trial.

2.    All mandatory disclosures required by Fed. R. Civ. P. Rule 26(a)(1) shall be completed on or before **June 27, 2025**.

3.    All motions to join other parties and to amend the pleadings shall be filed on or before **June 27, 2025**. Any third-party action shall be commenced on or before **June 27, 2025**.

4.    A **telephone status conference** will be held with the undersigned on **February 11, 2026**, at 1:30 p.m., to discuss the status of the case and the possibility of settlement. Dial-in instructions will be emailed to counsel prior to the conference.

5.      All factual discovery in this case, including depositions, shall be completed on or before **January 30, 2026**.  All motions to compel discovery shall be filed by **January 30, 2026**.

6.      Plaintiff shall identify any expert witnesses pursuant to Fed. R. Civ. P. 26(a)(2)(A) and provide reports pursuant to Rule 26(a)(2)(B) and/or disclosures pursuant to Rule 26(a)(2)(C) by **February 27, 2026**.  Defendant shall identify any expert witnesses and provide reports pursuant to Fed. R. Civ. P. 26 by **March 31, 2026**.   The parties shall complete all discovery relating to experts, including depositions, by **April 30, 2026**.

7.      Dispositive motions, if any, shall be filed no later than **May 29, 2026**. Unless a consent to proceed before this Court has been filed, such motions shall be made returnable before Judge Geraci. **If the dispositive motion is filed against a party who is appearing in this action *pro se*, the moving party must include the advisement set forth in the notice attached to this Order.**

8.      A <u>trial date status conference</u> pursuant to Fed. R. Civ. P. Rule 16(e) and Local Rule 16 will be held, if necessary, at a date and time to be determined by the trial judge after determination of dispositive motions.  If no dispositive motions are filed, counsel shall **<u>immediately</u>** contact the trial judge so that a trial date status conference can be scheduled.

No extension of the above cutoff dates will be granted except upon written application, made <u>prior to the cutoff date</u>, showing good cause for the extension. Application for extensions should be made to the Magistrate Judge.   Joint or

- 4 -

unopposed requests to extend the deadlines set forth in this order need not be made by formal motion, but rather may be sought in a letter to the court.  Letter requests must detail good cause for the extension and propose new deadlines.

  **SO ORDERED.**

_____<br>
COLLEEN D. HOLLAND<br>
United States Magistrate Judge

Dated: Rochester, New York
   May 28, 2025

## <u>NOTICE TO PRO SE LITIGANT REGARDING RULE 56 MOTIONS FOR SUMMARY JUDGMENT</u>

<u>This Notice contains important information.  Please read the entire notice carefully.</u>

**Why am I receiving this Notice?**  Because you represent yourself in this matter, you are what is known as a pro se litigant.  You are receiving this notice because all pro se litigants are entitled to certain notice when a motion for summary judgment is filed against them.  This Notice advises you that a party in your lawsuit has filed a motion for summary judgment against you under Rule 56 of the Federal Rules of Civil Procedure ("Rule 56").  This Notice further advises you of the consequences for failing to follow the rules that govern motions for summary judgment.

**What is summary judgment?**  Rule 56 provides that summary judgment must be granted by the court if there is no genuine dispute as to any material fact and the party asking for summary judgment is entitled to judgment as a matter of law.  Summary judgment may be granted as to all or a portion of the case.  If summary judgment is granted, all or a portion of the case ends without a trial.

**Do I have to respond to this motion?**  Yes.  You <u>must</u> respond to the motion for summary judgment.  You <u>cannot</u> oppose summary judgment by relying on allegations or documents previously filed in this case.

**What happens if I do not respond to this motion?**  <u>If you do not respond to this motion, summary judgment may be granted to the party or parties that asked for summary judgment against you and all or a portion of the case could end or be dismissed without a trial.</u>

**What rules do I have to follow?**  You <u>must</u> follow the Federal Rules of Civil Procedure and the Local Rules of Civil Procedure.  Both sets of rules are available on the court's website: www.nywd.uscourts.gov.

**What do I have to submit in response to the motion?**  The rules require that you submit a response to the Statement of Material Facts, an appendix, and a memorandum of law.

> **Response to Statement of Material Facts:**  You <u>must</u> respond to each numbered paragraph in the moving party's Statement of Material Facts, in correspondingly numbered paragraphs.  <u>If you fail to respond to the facts in any numbered paragraph, those facts may be deemed admitted by you and undisputed for purposes of resolving the motion and summary judgment could be entered against you.</u>  *See* Rule 56(e).  Your Response to the Statement of Material Facts <u>must</u> comply with Rule 56(c) and Local Rule 56.

> **Appendix:**  If you dispute any of the facts set forth in the Statement of Material Facts, you <u>must</u> submit an appendix containing all cited evidence, as required in Local Rule 56(a)(3).

> **Memorandum of Law:** You <u>must</u> submit a separate answering memorandum of law.  *See* Local Rule 7(a)(2)(A).  <u>If you fail to file an answering memorandum of law, the motion for summary judgment could be granted against you and all or a portion of the case could end without a trial.</u>

**Can I ask for more information to respond to the motion?**  Yes.  You have the right to ask for discovery if you believe that you are unable to present facts essential to justify your opposition to the motion.  To request discovery, you <u>must</u> submit an affidavit or declaration demonstrating, for specified reasons, that you are unable to adequately respond to the motion and that you need additional time to obtain affidavits or declarations or to take discovery.  *See* Rule 56(d).